UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD ADAMS,

       Plaintiff,

v.

       Case No. 11-10178

       Paul D. Borman
       United States District Judge

CITIGROUP GLOBAL MARKET
REALTY CORPORATION,

       Defendant.
_____/

OPINION AND ORDER *SUA SPONTE* DISMISSING PLAINTIFF'S COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO FED. R. CIV. P. 12(b)(1)

On January 13, 2011, Plaintiff Ronald Adams, proceeding *pro se*, filed a pleading entitled "Notice of Fraud and Intent to Litigate" which the Court construes as a Complaint. (Dkt. No. 1.) Plaintiff has not filed an Application to proceed *in forma pauperis*. For the reasons that follow, the Court DISMISSES Plaintiff's Complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

The Court is required to construe Plaintiff's *pro se* Complaint liberally and to hold Plaintiff's Complaint to a less stringent standard than one drafted by an attorney. *Spotts v. United States,* 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Plaintiff in this case, although proceeding *pro se*, does not seek *in forma pauperis* status. The Court's authority to utilize the screening requirements of 28 U.S.C. § 1915(e)(2) is limited to complaints filed *in forma pauperis*. *Benson v. O'Brian*, 179 F.3d 1014, 1015 (6th Cir.1999)."Generally, a district court may not *sua sponte* dismiss a complaint where the filing fee has been paid unless the court gives the plaintiff the opportunity to amend the complaint." *Apple v. Glenn*, 183 F.3d 477, 478 (6th Cir.1999).

However, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Id*. at 479 (citing *Hagans v. Lavine*, 415 U.S. 528, 436-37 (1974)). "[The] requirement that a plaintiff be given the opportunity to amend does not apply to *sua sponte* dismissals for lack of subject matter jurisdiction pursuant to *Hagans*." *Apple*, 183 F.3d at 479. *See also Hassink v. Mottl*, 47 F. App'x 753, 755 (6th Cir. 2002) (citing *Apple* and holding that district court properly dismissed *sua sponte* for lack of subject matter jurisdiction where plaintiff's complaint lacked an arguable basis in law); *Esseily v. McQuade*, No. 10-13887, 2010 WL 3951315 (E.D. Mich. Oct. 7, 2010) (citing *Apple* and dismissing *sua sponte* for lack of subject matter jurisdiction pleading entitled "General Remarks" that was on its face totally implausible, frivolous and devoid of merit).

Even construing Plaintiff's filing in the most liberal light, the Court is compelled to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Plaintiff's three-page "Notice of Fraud and Intent to Litigate," is accompanied by some 190 pages of documentation and appears to be directed to some entity involved in the foreclosure of Plaintiff's property, presumably Citigroup Global Market Realty Group ("Citigroup"). The Complaint does not indicate that Plaintiff is filing a claim against Citigroup, nor does it indicate any legal basis for such a claim. It appears to inform Citigroup that Plaintiff has sent information to the FBI and the Secret Service which Plaintiff warns may result in a criminal prosecution. The Complaint does not cite any statutory or other basis for a claim and does not demonstrate or even demand any form of relief. *See* Fed. R. Civ. P. 8(a).

The Civil Cover Sheet indicates that Plaintiff files his claim under 18 U.S.C. § 474, a

criminal statute dealing with the counterfeiting of securities or obligations of the United States. This statute seems to be completely irrelevant to Plaintiff's claims, which appear to involve a private mortgage transaction. More importantly, Plaintiff has provided no authority, and the Court is aware of none, which would support Plaintiff's attempt to privately enforce this criminal statute. "[T]he general rule is that a private right of action is not maintainable under a criminal statute." *American Postal Worker's Union AFL-CIO, Detroit Local v. Independent Postal Sys. of America*, 481 F.2d 90, 93 (6th Cir. 1973). "Equally important is the firmly established principle that criminal statutes can only be enforced by the proper authorities of the United States Government and a private party has no right to enforce these sanctions." *Id*. (internal quotation marks and citation omitted). "[W]here there is a 'bare criminal statute, with absolutely no indication that civil enforcement of any kind was available to anyone,' a private cause of action will not be inferred." *Marx v. Centran Corp.*, 747 F.2d 1536, 1549 (6th Cir. 1984) (quoting *Cort v. Ash*, 422 U.S. 66, 80 (1975)).

In *DeMoss v. Citi Mortgage*, No. 10-10423, 2010 WL 502774 (E.D. Mich. Feb. 5, 2010), Judge Murphy dismissed an almost verbatim "complaint," filed by a different *pro se* plaintiff proceeding *in forma pauperis* against Citi Mortgage, under the screening provisions of 28 U.S.C. § 1915(e). Judge Murphy found that the identically worded "Notice of Fraud and Intent to Litigate" failed to demonstrate or demand relief and that plaintiff failed to provide authority which would allow him to privately enforce 18 U.S.C. § 474. *Id*. at * 1-2. Although Plaintiff in the instant case has not applied to proceed *in forma pauperis*, and the screening provisions of section 1915(e) therefore do not apply, the Court concludes that Plaintiff's Complaint is so attenuated, lacking in merit and patently frivolous as to divest this Court of subject matter jurisdiction.

Accordingly, the Court dismisses Plaintiff's Complaint, which is "totally implausible,

attenuated, unsubstantial, frivolous, devoid of merit," pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. Plaintiff's Complaint is DISMISSED and the Clerk is ordered to return any filing fee paid.

IT IS SO ORDERED.

                                                  S/Paul D. Borman
                                                  PAUL D. BORMAN
                                                  UNITED STATES DISTRICT JUDGE

Dated: January 24, 2011

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on January 24, 2011.

                                                  S/Denise Goodine
                                                  Case Manager